

Attorneys at Law
Suite 2007
5 Walter E. Foran Blvd.
Flemington, NJ 08822
tel. 908.237.4550
fax 908.237.4551

www.mnlawpc.com

Donald S. Maurice
Member DC & NJ Bar
Board Certified
Creditors' Rights Law
American Board of Certification

Joann Needleman
Member PA & NJ Bar

Thomas R. Dominczyk
Member NJ, NY & PA Bar

Rachel Marin
Member NJ & NY Bar

August 6, 2012

trd@mnlawpc.com
**Direct Dial: 908-237-4544**

**VIA FEDEX OVERNIGHT**
CLERK'S OFFICE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
601 MARKET STREET
ROOM 2609
PHILADELPHIA, PA 19106

**RE: Vicki Piontek v. Cavalry Portfolio Services, LLC**

Dear Sir/Madam:

Enclosed please find a matter to be removed to the District Court along with the removal fee for same and CD-ROM which contains the filings.

Should you have any questions, please feel free to contact the undersigned.

Very Truly Yours,

MAURICE & NEEDLEMAN, P.C.

Thomas R. Dominczyk, Esq.
For the Firm
Enc.
Cc: Waverly Madden, Esq. (via FedEx)

Philadelphia Office
Suite 935, One Penn Center
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103
tel. 215.665.1133
fax 215.563.8970

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VICKI PIONTEK,<br><br>     Plaintiff,<br><br>vs.<br><br>CAVALRY PORTFOLIO SERVICES,<br>LLC, JOHN DOES 1-10 AND XYZ<br>CORPORATIONS,<br><br>     Defendants. | Civil Action No.<br><br>(Removal) |

**NOTICE OF REMOVAL OF**
**CIVIL ACTION FROM STATE COURT**

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Defendant, Cavalry Portfolio Services, LLC (hereinafter the "Defendant"), by and through their undersigned counsel, respectfully represents as follows:

1.    Cavalry Portfolio Services, LLC is a Defendant in the above entitled action.

2.    On or about July 11, 2012, Plaintiff Vicki Piontek (hereinafter referred to as "Plaintiff") filed suit against the Defendant.  The suit was filed in the Court of Common Pleas of Bucks County, Pennsylvania, and was assigned docket number 2012-02936.  A true copy of the Complaint is attached hereto as Exhibit "A".

3.    The Complaint seeks, inter alia, damages for injuries allegedly arising from the collection of debt and seeks damages under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA") 15 U.S.C. § 1692 et seq. (See Exhibit A).

4.    This Court has original jurisdiction over the above entitled action pursuant to 28 U.S.C. § 1331, as it involves a federal question with regards to the alleged violations of the

FDCPA, 15 U.S.C. § 1692 et seq.

5.      This action must therefore be removed to this Honorable Court pursuant to 28 U.S.C. § 1441(a).

6.      Furthermore, this court will have pendent jurisdiction over any other state claims asserted or that may be asserted by the Plaintiff.

7.      The Complaint was served upon Defendant on July 23, 2012.

8.      This notice is timely filed with this Court within thirty (30) days after service of the Complaint on Defendant in the above entitled action pursuant to 28 U.S.C. § 1446(b).

9.      Attached hereto as Exhibit B is a true copy of the Notice of Filing of Removal which was sent to the Plaintiff on this date.

10.      Attached are the following process, pleadings, and orders served upon Defendants in this action which are known to me:

   a.   Plaintiff's Summons and Complaint – Exhibit "A"

WHEREFORE, Defendant Cavalry Portfolio Services, LLC, respectfully requests that the above entitled action be removed from the Court of Common Pleas of Bucks County, Pennsylvania.

Respectfully submitted,
Maurice & Needleman, PC
*/s/ Thomas R. Dominczyk*
Thomas R. Dominczyk
Maurice & Needleman, P.C.
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ  08822
(908) 237-4550
(908) 237-4551(fax)
Attorneys for Defendant
Cavalry Portfolio Services, LLC

Dated: August 6, 2012

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Vicki Piontek                              :
951 Allentown Road                  :
Lansdale, PA  19446                  :
Vs.              Plaintiff        :
Cavalry Portfolio Services, LLC    :       2012-02936
500 Summit Lake Drive, Suite 400   :
Valhalla, NY 10595                 :
and                                    :
John Does 1-10                    :       Jury Trial Demanded
and                                    :
X,Y,Z Corporations               :
                 Defendant(s)    :

## NOTICE

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT.   YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Legal Aid of Southeastern PA for Bucks County     Bucks County Legal Aid Society
1290 Veterans Highway                             100 Union St, Doylestown, PA 18901
Box 809, Bristol, PA 19007                      (215) 340-1818
215-781-1111

Bucks County Bar Association
135 East State Street, PO Box 300, Doylestown, PA 18901
215-348-9413



Case Number: 2012-02936
Receipt:   Z731236                 4
Code: 46            Judge:32
Patricia Bachtle - Bucks Co Prothonotary      Filing: 9941804
B09           7/11/2012 2:23:52 PM

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | |
|---|---|
| Vicki Piontek | : |
| 951 Allentown Road | : |
| Lansdale, PA  19446 | : |
| Vs.                           Plaintiff | : |
| Cavalry Portfolio Services, LLC | :          2012-02936 |
| 500 Summit Lake Drive, Suite 400 | : |
| Valhalla, NY 10595 | : |
| and | :          Jury Trial Demanded |
| John Does 1-10 | : |
| and | : |
| X,Y,Z Corporations | : |
|                     Defendant(s) | : |

# COMPLAINT

## INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").  The aforementioned statute prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. The previous paragraphs are incorporated by reference and made a part of this Complaint.

3. Jurisdiction and Venue is proper in this jurisdiction because a substantial portion of the acts, omissions, transactions or occurrences took place in this jurisdiction.

4. Jurisdiction and venue is proper in this jurisdiction because the Defendant(s) transact business here and the conduct complained of occurred here.

## PARTIES

5.  The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

6.  Plaintiff is Vicki Piontek, an adult individual with an address including but not limited to 951 Allentown Road, Lansdale, PA  19446.

7.  Defendants are the following.

    a.  Cavalry Portfolio Services, LLC, a business entity with an address including but not limited to 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

    b.  John Does 1-10, individuals whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery.  It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

    c.  X, Y, Z Corporations, business entities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery.  It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

**COUNT ONE: Violation of Fair Debt Collection Practices Act (FDCPA) 15 USC 1692 g et. seq. ("Overshadowing")**

8.  The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

9.  Plaintiff is a consumer as defined by the FDCPA.

10. Defendant is a debt collector as defined by the FDCPA.

11. At all times mentioned herein, Defendant was attempting to collect two consumer debts as defined by the FDCPA from Plaintiff.

12. Defendant sent Plaintiff initial collection letters on two consumer account(s).  See attached exhibits.

13. Said collection letters contained language which read substantially as follows.

> *"If you do not dispute the validity of this debt, or any portion thereof, within 30 days 0f receipt of this letter, we will assume it is valid. If you do dispute the validity of this debt, or any portion thereof, please notify us in writing, within 30 days of receipt of this letter, and we will mail verification of the debt, 0r a copy of a judgment, if applicable, to you. We will also provide you with the name and address of the original creditor, if different from the current Creditor, If you request the same from us, in writing, within 30 days of receipt of this letter."*

14. In the above referenced collection letters , the original creditor was different than the current creditor.  See attached exhibits.

15. Plaintiff disputed the alleged consumer debts in writing to Plaintiff within the applicable 30 days pursuant to 15 USC 1692g et. seq.   See attached exhibits.

16. In both of Plaintiff's disputes for both of the accounts, Plaintiff specifically requested that Defendant(s) provide Plaintiff with the name and address of the original creditor which was different than the current creditor.  See attached exhibits.

17. Pursuant to 15 USC 1692g, Defendant(s) was legally obligated to provide both the name and address of the original creditor to Plaintiff, because the current creditor was different than the name and address of the current creditor.

18. Defendant received Plaintiff's disputes on both account and responded to the disputes. See attached exhibits.

19. In Defendant's responses to Plaintiff's dispute Defendant provided the name of the original creditor, but not the address of the original creditor. See attached exhibits.

20. By only providing the name of the original creditor, and not the address of the original creditor, Defendant failed to fulfill its duty under 15 USC 1692g to provide both the name and the address of the original creditor to Plaintiff.

21. Subsequent to Plaintiff's disputes, and following Defendant's receipt of such disputes, Defendant(s) continued collection activity against Plaintiff without providing the name and address of the original credit which differed from the name and address of the current creditor, in violation of 15 USC 1692g.  Defendant(s)' continued collection activity included but was not limited to phone calls and negative credit reporting.

22. By engaging in the above described conduct, Defendant overshadowed its obligations under 15 USC 1692g et. seq.

**COUNT TWO: Violation of Fair Debt Collection Practices Act (FDCPA) 15 USC 1692 g et. seq. – Unconscionable Collection Activity and False and Misleading Statements**

23. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

24. Plaintiff is a consumer debtor as defined by the FDCPA.

25. Defendant(s) is a debt collector as defined by the FDCPA.

26. At all times mentioned herein, Defendant(s) was attempting to collect on a consumer debt from Plaintiff.

27. On or about February 28, 2012, Defendant(s) engaged in a telephone conversation with Plaintiff.

28. The subject of the telephone conversation was an alleged account which Defendant claimed that Plaintiff owed to Defendant's client, Bank of America.

29. The alleged Bank of America account that was the subject of the conversation was a consumer account for purposes of the FDCPA, 15 USC 1692 et. seq.

30. The alleged account would have been used primarily for personal, household or family use.

31. Defendant's agent, employee or representative spoke to Plaintiff on the phone.

32. During such conversation, Defendant's agent, employee or representative made the following materially false, misleading and deceptive statements and / or implications.

    a.    That the account would forwarded for legal action of Plaintiff did not pay.

    b.    That the account was in pre-litigation status.

    c.    That Defendant(s) had selected the account for legal review.

    d.    That litigation would be commenced against Plaintiff if Plaintiff did not pay Defendant.

    e.    That the statute of limitations in Pennsylvania was seven years, and Plaintiff could still be sued by Defendant(s) if Plaintiff did not pay Defendant(s).

33. During said telephone conversation, Defendant(s) threatened or implied that Defendant(s) intended to bring legal action against Plaintiff on the alleged Bank of America account.

34. It is believed and averred that Defendant had no *bona fide* intent or any right to bring legal action on the account at the time that such statement was made.

35. Defendant(s) repeatedly made conflicting statements regarding the date of last payment as well as the date that the payments were due to them.

36. Defendant(s) also made materially false statements to Defendant that the statute of limitations for the alleged consumer account in Pennsylvania was 7 years, when in fact the statute of limitations is four (4) years.

37. Threat to file a lawsuit on a consumer debt that is time barred by the statute of limitations is a misrepresentation of the legal status of the debt. See Freyermuth v. Credit Bureau Services, Inc. 248 F3d 767 (8th Cir. 2001); Martsolf v. JBC Legal Group, P.C., 2008, U.S. District Court for the Middle district of Pennsylvania.

38. Defendant(s)' false, misleading statements and / or implications were designed to harass and intimidate Plaintiff.

39. Defendant(s)' false, misleading statements and / or implications were designed to extract payment from Plaintiff.

40. Defendant(s) statements were intended to harass, intimidate, confuse and deceive Plaintiff.

41. Defendant(s)' false, misleading statements and / or implications were unconscionable.

42. Defendant(s)' false, misleading statements and / or implications violated 15 USC 1692e and 15 1692 f of the FDCPA.

43. Defendant violated 15 USC 1692(e) by making materially false statements to Plaintiff.

44. Defendant(s) violated 15 USC 1692(f) by engaging in illegal and unconscionable debt collection practices.

45. Defendant(s)' false, misleading and deceptive statements about pending litigation violated the FDCPA. See Brown v. Card Services 464 F3d 450 93rd Cri 2006); United States v. National Financial Services, Inc. 98 F3d 131 (4th Cir 1996).

## DAMAGES

17. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

18. Plaintiff demands $1.00 actual damages at least for phone, fax, lost time, etc.

19. Plaintiff demands $1,000.00 statutory damages under the FDCPA 15 USC 1692k.

20. Plaintiff suffered some emotional distress, anger and frustration as a result of her rights being violated by Defendant.  The amount of such distress shall be determined at trial.

21. For purposes of a default judgment, Plaintiff believes and avers that the value of such distress is no less than $10,000.00.

## ATTORNEY FEES

22. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

23. Plaintiff believes and avers that Plaintiff is entitled to attorney fees of $2,450.00 at a rate of $350.00 per hour. Services include but not limited to the following.

| | | |
|---|---|---|
| a. | Review of recordings | 1 |
| b. | Consultation with client on four separate occasions March 21, 2012, May 19, 2012 and May 25, 2012, July 5, 2012 | 2 |
| c. | Drafting, editing, review, filing and service of complaint and related documents | 2 |
| d. | Follow up with Defense | 2 |

7 x $350 per hour = $2,450

46. The above stated attorney fees include time spent plus reasonable follow up.

47. Plaintiff's attorney fees continue to accrue as the case move forward.

## OTHER RELIEF

48. Plaintiff also seeks an injunction against further unlawful collection activity.

49. Plaintiff seeks declaratory relief barring Defendants from further unlawful collection activity.

50. Plaintiff seeks such other relief as this honorable Court may deem just and proper.

51. Plaintiff specifically requests / demands a jury trial in this matter.

Wherefore, plaintiff demands judgment against defendant in the amount of $13,451.00.

(actual damages, statutory damages, emotional distress and attorney fees).  Plaintiff also

seeks declaratory and injunctive relief, and such other relief as this Honorable Court may

deem appropriate.


**MADDEN LAW FIRM, P.C.**

WAVERLEY MADDEN, ESQ.                    7·5-12
Stephen Girard Building, Suite 100          Date
21 S. 12th Street
Philadelphia, PA  19107
Telephone: 215-525-0150
Fax: 215-525-0151
madden@wmaddenlaw.com

Plaintiff's Counsel

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | | |
|---|---|---|
| Vicki Piontek | : | |
| 951 Allentown Road | : | |
| Lansdale, PA 19446 | : | |
| Vs.                              Plaintiff | : | |
| Cavalry Portfolio Services, LLC | : | 2012-02936 |
| 500 Summit Lake Drive, Suite 400 | : | |
| Valhalla, NY 10595 | : | |
| and | : | |
| John Does 1-10 | : | |
| and | : | |
| X,Y,Z Corporations | : | |
|                              Defendant(s) | : | |

## VERIFICATION

I, Vicki Piontek, have read the attached complaint.  The facts stated therein are true and accurate to the best of my knowledge, understanding and belief.

_____   7-5-2012
Vicki Piontek                   Date

# EXHIBITS FOR ACCOUNT XXXX4475 / 17128489

## APPROXIMATELY $7,399.28

**VICKI PIONTEK**
**951 ALLENTOWN ROAD**
**LANSDALE, PA 19446**

Cavalry Portfolio
P.O. Box 1017
Hawthorne, NY 10532

By Certified U.S. Mail

**Re:   DISPUTE**
**Vicki Piontek**          SSN: ▮▮▮▮▮▮▮
**Bank of America Account Number **** **** **** 4475**
**Alleged Balance $7,399.28**
**Your File No.  17128489**

To Whom it May Concern:

I wish to dispute the above referenced account.  I would like verification
of the alleged debt.

**I request the name and address of the original creditor which is**
**different than the current creditor.**

Your company claims to have sent me the introductory letter required
under 15 USC 1692 et. seq.  But you sent it to an old address in Virginia.  Please
send it to 951 Allentown Road, Lansdale, PA  19446.  I was told that this
information would be sent to me, but I never received.

Please suspend all collection activity until you comply with 15 USC
1692g by sending me the required letter.

Sincerely,

*Vicki Piontek*          1-18-2012
Vicki Piontek                    Date

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7011 1570 0001 9851 5931

Sent To  *Cavalry Portfolio*
Street, Apt. No.; or PO Box No.  *P.O. Box 1017*
City, State, ZIP+4  *Hawthorne, NY 10532*

PS Form 3800, August 2006          See Reverse for Instructions

# VICKI PIONTEK
### 951 ALLENTOWN ROAD
### LANSDALE, PA 19446

Cavalry Portfolio
P.O. Box 1017
Hawthorne, NY 10532

By Certified U.S. Mail

**Re:   DISPUTE
Vicki Piontek      SSN:** █████████
**Bank of America Account Number \*\*\*\* \*\*\*\* \*\*\*\* 4475
Alleged Balance $7,399.28
Your File No.  17128489**

To Whom it May Concern:

I wish to dispute the above referenced account.  I would like verification of the alleged debt.

**I request the name and address of the original creditor which is different than the current creditor.**

Your company claims to have sent me the introductory letter required under 15 USC 1692 et. seq.  But you sent it to an old address in Virginia.  Please send it to 951 Allentown Road, Lansdale, PA  19446.  I was told that this information would be sent to me, but I never received.

Please suspend all collection activity until you comply with 15 USC 1692g by sending me the required letter.

Sincerely,

*Vicki Piontek*                ⊦-25-2012
Vicki Piontek                  Date

PO Box 1017
Hawthorne, NY 10532

4 4 00000595 952537



**Phone: (800) 501-0909**

www.cavalryportfolioservices.com

JANUARY 04, 2012

| RE: | Original Institution: | Bank of America/FIA Card Services, N.A. |
| --- | --- | --- |
| | Original Account No.: | 4264294219234715 |
| | Cavalry Reference No.: | 17128489 |
| | Balance Due: | $7,403.87 |



VICKI A PIONTEK
951 ALLENTOWN RD
LANSDALE, PA  19446-5207

Dear Customer:

Per your request, please find enclosed the verification of your debt.

Cavalry is committed to working with you. You may contact us at 866-483-5139 from 9:00am to 5:00pm, Eastern Time, Monday through Friday. If you prefer, you may reach me directly at extension 13429.

Sincerely,

Robertino Gooding

Cavalry Portfolio Services, LLC

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

"See Reverse Side for Important Information Concerning Your Rights"

# Cavalry
**Portfolio Services, LLC**

**Phone: (800) 501-0909**
**www.cavalryportfolioservices.com**

JANUARY 04, 2012

| | | |
|---|---|---|
| **RE:** | **Original Institution:** | Bank of America/FIA Card Services, N.A. |
| | **Original Account No.:** | 4264294219234715 |
| | **Cavalry Reference No.:** | 17128489 |
| | **Balance Due:** | $7,403.87 |

VICKI A PIONTEK
951 ALLENTOWN RD
LANSDALE, PA  19446-5207

# Verification of Debt

Original Institution:            Bank of America/FIA Card Services, N.A.

Original Account Number:    4264294219234715

Cavalry Reference Number:   17128489

Open Date:                       17-NOV-2006

Charge Off Date:               30-APR-2008

Account Balance:              $7,403.87

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

PO Box 1017
Hawthorne, NY 10532

4 4 00000505 961979



**Cavalry**
Portfolio Services, LLC

Phone: **(800) 501-0909**
**www.cavalryportfolioservices.com**

JANUARY 25, 2012

| | | |
|---|---|---|
| RE: | Original Institution: | Bank of America/FIA Card Services, N.A. |
| | Original Account No.: | 4264294219234715 |
| | Cavalry Reference No.: | 17128489 |
| | Balance Due: | $7,427.98 |

VICKI A PIONTEK
951 ALLENTOWN RD
LANSDALE, PA  19446-5207

Dear VICKI A PIONTEK:

This letter serves as notice that the above-referenced account has been purchased by Cavalry SPV I, LLC and referred to Cavalry Portfolio Services, LLC for collection.

It is important that you:

➢  Contact us to arrange repayment terms (however, see your validation rights below).
➢  Forward all future payments to the above address in order to ensure proper credit and avoid delays in payment posting.

Unless you notify this office within (30) days after the receipt of this letter that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid.

If you notify this office in writing within (30) days after receipt of this letter that you dispute all or a portion of the debt, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification.

If you request, in writing, within thirty (30) days of receiving this notice, Cavalry will provide you with the name and address of the original creditor.

If you have any questions or would like to discuss payment solutions you may call me directly at 866-483-5139 ext. 13429.

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Robertino Gooding

Cavalry Portfolio Services, LLC

"See Reverse Side for Important Information Concerning Your Rights"

Page 1 of 1
CCO020
CCO.wfd
961979

PO Box 1017
Hawthorne, NY 10532

3 3 00000334 962525



Phone: (800) 501-0909

www.cavalryportfolioservices.com

 JANUARY 26, 2012

| | |
|---|---|
| **RE:** Original Institution: | Bank of America/FIA Card Services, N.A. |
| Original Account No.: | 4264294219234715 |
| Cavalry Reference No.: | 17128489 |
| Balance Due: | $7,429.13 |

VICKI A PIONTEK
951 ALLENTOWN RD
LANSDALE, PA  19446-5207

Dear Customer:

Per your request, please find enclosed the verification of your debt.

Cavalry is committed to working with you. You may contact us at 866-483-5139 from 9:00am to 5:00pm, Eastern Time, Monday through Friday. If you prefer, you may reach me directly at extension 13429.

Sincerely,

Robertino Gooding

Cavalry Portfolio Services, LLC

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

"See Reverse Side for Important Information Concerning Your Rights"



# Cavalry
### Portfolio Services, LLC

Phone: (800) 501-0909
www.cavalryportfolioservices.com

JANUARY 26, 2012

RE:  **Original Institution:**   Bank of America/FIA Card Services, N.A.
**Original Account No.:**   4264294219234715
**Cavalry Reference No.:**   17128489
**Balance Due:**   $7,429.13

VICKI A PIONTEK
951 ALLENTOWN RD
LANSDALE, PA  19446-5207

# Verification of Debt

Original Institution:          Bank of America/FIA Card Services, N.A.

Original Account Number:    4264294219234715

Cavalry Reference Number:   17128489

Open Date:                 17-NOV-2006

Charge Off Date:            30-APR-2008

Account Balance:           $7,429.13

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

**VICKI PIONTEK**
**951 ALLENTOWN ROAD**
**LANSDALE, PA 19446**



Cavalry Portfolio
P.O. Box 1017
Hawthorne, NY 10532

By Certified U.S. Mail

**Re:   DISPUTE**
**Vicki Piontek          SSN:** ▮▮▮▮▮▮
**Bank of America Account Number 4264 2942 1923 4715**
**Alleged Balance $7,427.98**
**Your File No.  17128489**

To Whom it May Concern:

Recently I received my introductory letter from your company pursuant to 15 USC 1692 g et. seq.  Enclosed please find a copy of the letter dated January 25, 2012.

Your company also sent me a purported validation of the alleged debt. See letter from your company dated January 26, 2012.  Several things are missing form your purported validation including but not limited to the following.

-Contract which proves the interest, finance charges, etc.
-Breakdown of the principle balance and the interest finance charges, fees, etc.
-Address of the original alleged creditor.

**I request the name and address of the original creditor which is different than the current creditor. It is highly imperative that you provide me with the address of the alleged original creditor.  Do so at once please.**

Please suspend all collection activity until you comply with 15 USC 1692g.

Sincerely,

*Vicki Piontek*                2-6-2012
Vicki Piontek                  Date

EXHIBITS FOR ACCOUNT XXXX5225 / 17146886

APPROXIMATELY $48,459

PO Box 1017
Hawthorne, NY 10532

27 63 00005554
967090



Phone: (877) 620-0105
www.cavalryportfolioservices.com



February 7, 2012

RE:  Original Institution:  Bank of America/FIA Card Services, N.A.
Original Account No.:  374633040555225
Cavalry Account No.:  17146886
Outstanding Balance:  $48,459.14

VICKI A PIONTEK
951 ALLENTOWN RD
LANSDALE, PA  19446-5207

Dear VICKI A PIONTEK

This letter serves as notice that the above-referenced account has been purchased by Cavalry Investments, LLC from FIA Card Services, N.A. and has been referred to Cavalry Portfolio Services, LLC ("Cavalry") for collection.

It is important that you:

➢  Contact us to arrange repayment terms (however, see your validation rights below).
➢  Forward all future payments to the above address in order to ensure proper credit and avoid delays in payment posting.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.

If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor.

If you have any questions or would like to discuss payment solutions you may speak to a Customer Service Representative to resolve your account by calling us toll free at (877) 620-0105.

Sincerely,

Raymon Salas

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR RIGHTS

## PAYMENT COUPON

Please detach and return this portion with your payment in the enclosed envelope. Be sure the address below shows through the return envelope window.

VICKI A PIONTEK
951 ALLENTOWN RD
LANSDALE, PA  19446-5207

Make Checks and Money Orders Payable to
Cavalry Portfolio Services, LLC.

| Cavalry Account No.: | 17146886 |
|---|---|
| Outstanding Balance: | $48,459.14 |

Cavalry Portfolio Services, LLC
PO Box 27288
Tempe, AZ  85285-7288

CAV162,
CAV.wfd, V1
967090

**VICKI PIONTEK**
**951 ALLENTOWN ROAD**
**LANSDALE, PA 19446**

Cavalry Portfolio
P.O. Box 1017
Hawthorne, NY 10532

By Certified U.S. Mail

Re:   **DISPUTE**
      **Vicki Piontek**        SSN: ███████
      **Bank of America Account Number 3746 3304 0555 225**
      **Cavalry Account No.: 17146886**
      **Alleged Balance: $48,459.14**

To Whom it May Concern:

  Recently I received my introductory letter from your company pursuant to 15 USC 1692 g et. seq.  Enclosed please find a copy of the letter dated January 25, 2012.

  I would like to request validation of the alleged debt.

  **I request the name and address of the original creditor which is different than the current creditor.  It is highly imperative that you provide me with the address of the alleged original creditor.  Do so at once please.**

  Please suspend all collection activity until you comply with 15 USC 1692g.

Sincerely,

Vicki Piontek        2-28-2012
Vicki Piontek        Date



PO Box 1017
Hawthorne, NY 10532

6 8 00001157 979588



Phone: (800) 501-0909
www.cavalryportfolioservices.com

MARCH 06, 2012

RE:  **Original Institution:**  Bank of America/FIA Card
Services, N.A.
**Original Account No.:**  374633040555225
**Cavalry Reference No.:**  17146886
**Balance Due:**  $48,685.34


VICKI A PIONTEK
951 ALLENTOWN RD
LANSDALE, PA  19446-5207

Dear Customer:

Per your request, please find enclosed the verification of your debt.

Cavalry is committed to working with you. You may contact us at 866-483-5139 from 9:00am to 5:00pm, Eastern Time, Monday through Friday. If you prefer, you may reach me directly at extension 13429.

Sincerely,

Robertino Gooding

Cavalry Portfolio Services, LLC

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

"See Reverse Side for Important Information Concerning Your Rights"

# Cavalry
## Portfolio Services, LLC

Phone: (800) 501-0909
www.cavalryportfolioservices.com

MARCH 06, 2012

RE:  **Original Institution:**   Bank of America/FIA Card Services, N.A.
**Original Account No.:**   374633040555225
**Cavalry Reference No.:**   17146886
**Balance Due:**   $48,685.34

VICKI A PIONTEK
951 ALLENTOWN RD
LANSDALE, PA  19446-5207

# Verification of Debt

Original Institution:            Bank of America/FIA Card Services, N.A.

Original Account Number:      374633040555225

Cavalry Reference Number:     17146886

Open Date:                     09-MAY-2006

Charge Off Date:               30-APR-2008

Account Balance:               $48,685.34

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

**VICKI PIONTEK**
**951 ALLENTOWN ROAD**
**LANSDALE, PA 19446**

Cavalry Portfolio
P.O. Box 1017
Hawthorne, NY 10532                              By Certified U.S. Mail

**Re:   DISPUTE**
**Vicki Piontek         SSN:** ▓▓▓▓▓▓▓▓
**Bank of America Account Number 3746 3304 0555 225**
**Cavalry Account No.: 17146886**
**Alleged Balance: $48,459.14**

To Whom it May Concern:

Recently I received my introductory letter from your company pursuant to 15 USC 1692 g et. seq.  Enclosed please find a copy of your initial letter dated February 7, 2012.

I would like to request validation of the alleged debt.

**I request the name and address of the original creditor which is different than the current creditor.  It is highly imperative that you provide me with the address of the alleged original creditor.  Do so at once please.**

Please suspend all collection activity until you comply with 15 USC 1692g.

Sincerely,

Vicki Piontek              3-8-2012
Vicki Piontek              Date

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To  Cavalry Portfolio
Street, Apt. No.; or PO Box No.  P. O. Box 1017
City, State, ZIP+4  Hawthorne, NY 10532

PS Form 3800, August 2006          See Reverse for Instructions

7011 1570 0001 9851 6051



PO Box 1017
Hawthorne, NY 10532

4 4 00000425 982127

  MARCH 12, 2012

**RE: Original Institution:** Bank of America/FIA Card Services, N.A.
**Original Account No.:** 374633040555225
**Cavalry Reference No.:** 17146886
**Balance Due:** $48,733.82

**Phone: (800) 501-0909**
www.cavalryportfolioservices.com


VICKI A PIONTEK
951 ALLENTOWN RD
LANSDALE, PA  19446-5207

Dear Customer:

Per your request, please find enclosed the verification of your debt.

Cavalry is committed to working with you. You may contact us at 866-483-5139 from 9:00am to 5:00pm, Eastern Time, Monday through Friday. If you prefer, you may reach me directly at extension 13429.

Sincerely,

Robertino Gooding

Cavalry Portfolio Services, LLC

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

"See Reverse Side for Important Information Concerning Your Rights"

# Cavalry
## Portfolio Services, LLC

**Phone: (800) 501-0909**
www.cavalryportfolioservices.com

MARCH 12, 2012

RE:  **Original Institution:**     Bank of America/FIA Card
                                    Services, N.A.
     **Original Account No.:**      374633040555225
     **Cavalry Reference No.:**     17146886
     **Balance Due:**               $48,733.82

VICKI A PIONTEK
951 ALLENTOWN RD
LANSDALE, PA  19446-5207

# Verification of Debt

Original Institution:            Bank of America/FIA Card Services, N.A.

Original Account Number:         374633040555225

Cavalry Reference Number:        17146886

Open Date:                       09-MAY-2006

Charge Off Date:                 30-APR-2008

Account Balance:                 $48,733.82

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.



**VICKI PIONTEK**
**951 ALLENTOWN ROAD**
**LANSDALE, PA 19446**

Cavalry Portfolio
P.O. Box 1017
Hawthorne, NY 10532                      By Certified U.S. Mail

**Re:    REQUEST FOR VALIDATION**

**Vicki Piontek          SSN:** ███████
**Bank of America Account Number 3746 3304 0555 225**
**Cavalry Account No.: 17146886**
**Alleged Balance: $48,459.14**

To Whom it May Concern:

     Recently I received my introductory letter from your company pursuant to 15 USC 1692 g et. seq.

     I then disputed the alleged debt in writing and requested validation. I also requested the name and address of the original creditor which is different than the current creditor.

     I got your response in the mail. See copy of your response letter enclosed. You failed to provide me with the name and address of the original creditor which is different than the current creditor.

     **I request the name and address of the original creditor which is different than the current creditor. It is highly imperative that you provide me with the address of the alleged original creditor. Do so at once please.**

     Please suspend all collection activity until you comply with 15 USC 1692g.

     Sincerely,

*Vicki Piontek*                3-14-2012
Vicki Piontek                   Date

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VICKI PIONTEK,<br><br>     Plaintiff,<br><br>vs.<br><br>CAVALRY PORTFOLIO SERVICES,<br>LLC, JOHN DOES 1-10 AND XYZ<br>CORPORATIONS,<br><br>     Defendants. | Civil Action No.<br><br>(Removal) |

**NOTICE OF FILING OF REMOVAL OF CIVIL ACTION**
**FROM STATE COURT**

TO:

WAVERLY MADDEN, ESQ.                PROTHONOTARY
STEPHEN GIRARD BUILDING         BUCKS COUNTY COURT OF COMMON
SUITE 100                                          PLEAS
21 SOUTH 12th STREET                  55 EAST COURT STREET
PHILADELPHIA, PA 19107            DOYLESTOWN, PA 18901

PLEASE TAKE NOTICE that on August 6, 2012, Cavalry Portfolio Services, LLC,

Defendant in the above entitled action (hereinafter referred to as the "Defendant"), filed a Notice

of Removal, copies of which are attached hereto, of the above entitled action to the United States

District Court for the Eastern District of Pennsylvania.

You are also advised that Defendant, on filing such Notice of Removal in the Office of

the Clerk of the United States District Court for the Eastern District of Pennsylvania, also filed

and served a copy thereof to the Prothonotary of the Court of Common Pleas of Bucks County,

Pennsylvania, at the addresses noted above, to effect the removal pursuant to 28 U.S.C. 1446.

By virtue of 28 U.S.C. 1446(d), the Court of Common Pleas of Bucks County, Pennsylvania has

no further jurisdiction over this action and you should proceed no further in that Court or under its authority.

Respectfully submitted,

*/s/ Thomas R. Dominczyk*
Thomas R. Dominczyk
Maurice & Needleman, P.C.
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ  08822
(908) 237-4550
Attorneys for Defendant
Cavalry Portfolio Services, LLC

Dated: August 6, 2012

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VICKI PIONTEK,<br><br>        Plaintiff,<br><br>vs.<br><br>CAVALRY PORTFOLIO SERVICES,<br>LLC, JOHN DOES 1-10 AND XYZ<br>CORPORATIONS,<br><br>        Defendants. | Civil Action No.<br><br>(Removal) |

<u>**CERTIFICATION OF SERVICE**</u>

I, Thomas R. Dominczyk, hereby certify that on August 6, 2012, a true and correct copy

of the attached NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT was

deposited in the United States Mail to be caused to be served upon the persons set forth below

via Certified Mail, RRR, to:

WAVERLY MADDEN, ESQ.                    PROTHONOTARY
STEPHEN GIRARD BUILDING                 BUCKS COUNTY COURT OF COMMON
SUITE 100                               PLEAS
21 SOUTH 12th STREET                    55 EAST COURT STREET
PHILADELPHIA, PA 19107                  DOYLESTOWN, PA 18901

                                        Respectfully submitted,

                                        <u>**/s/ Thomas R. Dominczyk**</u>
                                        Thomas R. Dominczyk
                                        Maurice & Needleman, P.C.
                                        5 Walter E. Foran Blvd., Suite 2007
                                        Flemington, NJ  08822
                                        (908) 237-4550
                                        Attorneys for Defendant
                                        Cavalry Portfolio Services, LLC

Dated:  August 6, 2012

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VICKI PIONTEK,<br><br>        Plaintiff,<br><br>vs.<br><br>CAVALRY PORTFOLIO SERVICES,<br>LLC, JOHN DOES 1-10 AND XYZ<br>CORPORATIONS,<br><br>        Defendants. | Civil Action No.<br><br>(Removal) |

**DEFENDANT CAVALRY PORTFOLIO SERVICES, LLC's**
**RULE 7.1(a) CORPORATE DISCLOSURE STATEMENT**

Defendant, Cavalry Portfolio Services, LLC, by and through its counsel, Thomas R.

Dominczyk, Esq., hereby submits its Corporate Disclosure Statement and states as follows:

There are no parents, subsidiaries and/or affiliates of said party that have issued shares or

debt securities to the public.

**MAURICE & NEEDLEMAN, P.C.**

/s/ *Thomas R. Dominczyk*
_____
THOMAS R. DOMINCZYK
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ 08822
(908) 237-4550
(908) 237-4551
trd@mnlawpc.com
*Attorney for Defendant,*
*Cavalry Portfolio Services, LLC*

Dated: August 6, 2012

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct of the foregoing 7.1 Corporate Disclosure

Statement was served on this date via certified mail, addressed to the following:


WAVERLY MADDEN, ESQ.
STEPHEN GIRARD BUILDING
SUITE 100
21 SOUTH 12th STREET
PHILADELPHIA, PA 19107




/s/ *Thomas R. Dominczyk*

_____

Thomas R. Dominczyk


Dated:  August 6, 2012

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Vicki Piontek

## DEFENDANTS

Cavalry Portfolio Services, LLC

(b) County of Residence of First Listed Plaintiff **Bucks**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Westchester County, NY**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Waverly Madden, Esq.
21 S. 12th St., Ste 100, Philadelphia, PA 19446 (215) 525-0150

Attorneys (If Known)

Thomas R. Dominczyk, Esq.
5 Walter E. Foran Blvd., Ste 2007, Flemington, NJ 08822

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 13,741.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
08/06/2012

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse  (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: <u>47 USC 553</u>
                                                         Brief Description: <u>Unauthorized reception of cable service</u>

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 951 Allentown Road, Lansdale, PA 19446

Address of Defendant: 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595

Place of Accident, Incident or Transaction: 951 Allentown Road, Lansdale, PA 19446

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☒   No ☐

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Fair Debt Collection Practices Act

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)

7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Thomas R. Dominczyk _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: August 6, 2012 _____   _____   85248
                                          Attorney-at-Law        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: August 6, 2012 _____   _____   85248
                                          Attorney-at-Law        Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Vicki Piontek | : | CIVIL ACTION |
| v. | : | |
| Cavalry Portfolio Services, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| August 6, 2012 | Thomas R. Dominczyk | Cavalry Portfolio Services, LLC |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (908) 237-4550 | (908) 237-4551 | trd@mnlawpc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

Civil Justice Expense and Delay Reduction Plan
Section 1:03 - Assignment to a Management Track

(a)         The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)         In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)         The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)         Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)         Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.